IN THE UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| APOTHECARYRX, LLC,<br>an Oklahoma limited liability company,<br><br>                Plaintiff,<br><br>v.<br><br>CARDINAL HEALTH 110, INC.,<br>an Ohio corporation,<br><br>                Defendants. | Case No. CV-07-1399-D |

**TEMPORARY RESTRAINING ORDER**

      Before the Court is the plaintiff's Notice of Motion and Motion for Temporary Restraining Order [Doc. No. 12], and supporting Memorandum [Doc. No. 13]. The Court conducted a hearing on December 17, 2007, regarding the requested temporary restraining order; the plaintiff appeared through local counsel, Bryan Wells, and telephonically through counsel, Bill Greene; the defendant appeared through local counsel Barbara Buratti and Jay Acquaviva, and telephonically through counsel, Tom Long. The Court has considered the Complaint filed in this matter, the motion papers and related affidavits, and has heard argument from counsel for both parties.

      The Court finds that a temporary restraining order ("TRO") should issue in this matter. The purpose of a TRO is to preserve the *status quo* between the parties pending an evidentiary hearing regarding whether a preliminary injunction should be ordered. *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 439 (1974). The "*status quo*" is the last peaceable or uncontested status between the parties prior to the conflict at issue. *Schrier v. University of Colorado*, 427 F.3d 1253, 1260 (10th Cir. 2005). Here, the last peaceable or uncontested status between the parties involved the defendant's supplying of the plaintiff's primary needs for

pharmaceutical products, including certain controlled substances, pursuant to the parties Amended and Restated Prime Vendor Agreement ("Agreement"), as well as the absence of the plaintiff from an "exclusion list" maintained by the defendant and utilized by other members of the industry as a means to identify pharmacies whose business practices regarding controlled substances are subject to question.

The requirements for the issuance of a TRO are essentially the same as those for a preliminary injunction: the movant must clearly establish that "(1) the movant will suffer irreparable injury unless the injunction issues; (2) the threatened injury . . . outweighs whatever damage the proposed injunction may cause the opposing party; (3) the injunction, if issued, would not be adverse to the public interest; and (4) there is a substantial likelihood of success on the merits." *Heideman v. South Salt Lake City*, 348 F.3d 1182, 1188 (10th Cir. 2003).

In the instant case the plaintiff has made a clear showing that it has suffered, and will continue to suffer, irreparable harm because of the defendant's inclusion of the plaintiff's pharmacy known as Ken's Discount Pharmacy (the "Pharmacy")[1] on an "exclusion list" which purports to identify pharmacies engaged in questionable business practices in connection with the dispensation of controlled substances. No evidence has been presented explaining precisely why the defendant initially decided to cease providing controlled substance pharmaceutical products to the Pharmacy and to place the Pharmacy on the "exclusion list," but it appears to the Court that the decision was an arbitrary reaction to compliance issues between the defendant and the Drug Enforcement Administration. The listing of the Pharmacy on the "exclusion list" has had the effect of impairing the plaintiff's ability to obtain controlled substance pharmaceutical products from alternative

---

[1] Ken's Discount Pharmacy is located in Norman, Oklahoma, within this judicial district. Further, it appears from the Complaint that diversity jurisdiction exists in this case.

sources, and has harmed, or legitimately threatens to further harm the plaintiff and the Pharmacy by tarnishing their reputation within the marketplace, resulting in the loss of goodwill. Moreover, because the plaintiff is unable to obtain its controlled substance pharmaceutical products from the defendant or from alternative sources, the Pharmacy's business viability is reasonably threatened. The Pharmacy has been in business in the same community for nearly twenty years. These types of harm and threatened harm are serious and irrevocable.

Conversely, there is no discernable irreparable harm to the defendant if the requested TRO is issued, and none was suggested during oral argument.

To the extent that this dispute involves the public interest, that interest militates in favor of the issuance of a TRO. The Pharmacy is a community–based business that has conducted operations in the same community for almost twenty years. It is located near a major medical facility and provides important, convenient access to medications and pharmaceutical products to members of the public. No evidence has been presented to suggest that the Pharmacy has had any adverse regulatory action against it, or that it is not in good standing with respect to all applicable governmental oversight.

The plaintiff has demonstrated a strong likelihood of success on the merits of one or more of the claims set forth in the Complaint.

For the reasons set forth above, it is the order of the Court that the defendant and its officers, agents, servants, employees and any person acting in concert with such persons be temporarily restrained, pending the hearing on the motion for preliminary injunction set for December 27, 2007, 2:30 p.m., or pending further order of this Court, from the following acts:

    a)    from maintaining the plaintiff and/or the Pharmacy on the "exclusion list"; and

      b)      from refusing to perform its obligations under the Agreement because of the previous listing of the plaintiff and/or the Pharmacy on the "exclusion list" or for any reason related thereto.

Pursuant to Fed. R. Civ. P. 65(c), this TRO shall not take effect until the plaintiff has given security, in a form acceptable to the Clerk of Court, in the amount of $5,000.00, in favor of the defendant, to secure the payment of costs and attorney's fees likely to be incurred in connection with the preliminary injunction hearing in the event it is determined that this TRO was inappropriately issued.

IT IS SO ORDERED this 17th day of December, 2007.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE